UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re Rule 45 Subpoena Directed to Tucows.com Co | Case No.: 2:21-mc-00024 RSL<br><br>Related Case No. 2:19-cv-02746-DWL<br>U.S. District Court, District of Arizona<br><br>**DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO TUCOWS.COM CO**<br><br>NOTED ON MOTION CALENDAR:<br>Friday, March 12, 2021 |

DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO TUCOWS.COM CO - 1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

## I. INTRODUCTION

GoDaddy.com, LLC ("GoDaddy") brings the instant motion to compel Tucows.com Co ("Tucows") to comply with GoDaddy's document subpoena, which GoDaddy served on Tucows on January 21, 2021. The return date on the subpoena was February 4, 2021, and to date, Tucows has not objected to the subpoena, or produced any documents in response to the subpoena. GoDaddy respectfully requests that the Court enter an order compelling Tucows to comply with this subpoena.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This motion arises out of a subpoena served upon Tucows on January 21, 2021, in a litigation matter entitled *SiteLock, LLC v. GoDaddy.com, LLC*, pending in the United States District Court for the District of Arizona (Case No.: 2:19-cv-02746-DWL) (the "SiteLock Action"). *See* Declaration of Paula L. Zecchini ("Zecchini Decl.") ¶¶ 1-6, Ex. A. In the SiteLock Action, Plaintiff SiteLock, LLC ("SiteLock"), has asserted, *inter alia*, breach of contract claims related to a November 4, 2013 Reseller Agreement ("Reseller Agreement") between GoDaddy and SiteLock, which, in part, authorized GoDaddy to promote SiteLock's off-the-rack software products. Zecchini Decl. ¶ 2. GoDaddy's Answer to SiteLock's Complaint includes an affirmative defense for set-off, *see* Dkt. No. 13 at 14,[1] which is based in part on SiteLock's breach of a most favored nation ("MFN") provision in the Reseller Agreement that obligated SiteLock to ensure that GoDaddy was afforded "the lowest [pricing terms] offered by SiteLock or any of its affiliates." Dkt. No. 1-2, at 8; Zecchini Decl. ¶ 3. In the SiteLock Action, GoDaddy sought discovery related to its defense based on SiteLock's breach of the MFN provision, and SiteLock ultimately produced—under a Court Order compelling their production—third party reseller agreements that included SiteLock's contract with Tucows. Zecchini Decl. ¶ 4. That

---

[1] Citations to the docket are to the corresponding entries in the SiteLock Action.

DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO TUCOWS.COM CO - 2

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

agreement indicates that SiteLock gave Tucows more favorable pricing terms than GoDaddy. *Id.* at ¶ 5. Therefore, GoDaddy served the subpoena on Tucows to obtain limited, narrow discovery from Tucows regarding (1) the lowest pricing terms SiteLock gave to Tucows, and (2) the features of the SiteLock products Tucows offered.[2] *See* Zecchini Decl. ¶ 6, Ex. A. On January 6, 2021, the Court in the SiteLock Action denied SiteLock's motion for protective order which concerned, in part, third party document subpoenas GoDaddy had served on other entities seeking the same categories of information sought in the Tucows subpoena. *See* Dkt. No. 248; Zecchini Decl. ¶ 9.

The time specified for compliance in the subpoena that GoDaddy served on Tucows was February 4, 2021. Zecchini Decl. ¶ 6, Ex. A. The location specified for compliance was "Produce electronically to Paula Zecchini, Cozen O'Connor, 999 Third Avenue, Suite 1900, Seattle, WA 98104 at PZecchini@cozen.com." *Id*. Tucows has not, to date, produced any documents in response to the subpoena, or served any response or objection to the subpoena. *Id*. at ¶ 8. SiteLock has not, to date, served any objection or responses to the subpoena, nor has it made any effort to address the subpoena with GoDaddy, either independently or on Tucows's behalf. *Id*. at ¶ 9.

### III. <u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure allow a party to obtain from a non-party discovery materials of any non-privileged matter that is relevant to a claim or defense of any party. *See* Fed. R. Civ. Pro. 45(a)(1)(C); Fed. R. Civ. Pro. 26(b)(1). The "scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679 (N.D. Cal. 2006); *see also Lewin v. Nackard Bottling Co.*, No. CV 10-8041-PCT-FJM, 2010 WL 4607402, at *1 n.1 (D. Ariz. Nov. 4, 2010). Relevance

---

[2] Although the products in the Tucows agreement have the same names as the products in SiteLock's agreement with GoDaddy, SiteLock has argued that identically named products may have different features.

DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO TUCOWS.COM CO - 3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Berwick v. Hartford Fire Ins. Co.*, No. MC 12-00055-PHX-FJM, 2012 WL 2856117, at *1 (D. Ariz. July 11, 2012) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quotation marks omitted)).

Fed. R. Civ. P. 45(d)(2)(B) requires that the recipient of a subpoena *duces tecum* serve any objections to it within 14 days after service or before the time specified for compliance, whichever is earlier. "[F]ailure to timely object waives the right to object later." *Cen Com Inc. v. Numerex Corp.*, No. C17-0560 RSM, 2018 WL 1737943, at *2 (W.D. Wash., Apr. 11, 2018); *see also Voxpath RS, LLC v. LG Elecs. U.S.A., Inc.*, No. MC 13-004- TUC-CKJ, 2013 WL 5744045, at *3 (D. Ariz. Oct. 23, 2013) ("[A] nonparty's failure to timely make objections to a Rule 45 subpoena *duces tecum* generally requires the court to find that any objection has been waived."); *Avila v. Cate*, No. 1:09cv918-LJO-SKO, 2013 WL 428732, at *2-3 (E.D. Cal. Feb. 1, 2013) (same); *McCoy v. Sw. Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002) (same). "Upon failing to obey a lawful subpoena without an adequate excuse, a recipient may be held in contempt." *Malden Transportation, Inc. v. Uber Technologies, Inc.*, No. C18-1592RSM, 2018 WL 5808422, at *1 (W.D. Wash., Nov. 6, 2018) (citing Fed. R. Civ. P. 45(g)).

## IV.     TUCOWS MUST PRODUCE RESPONSIVE DOCUMENTS

Tucows was served with GoDaddy's subpoena on January 21, 2021. *See* Zecchini Decl. ¶ 6, Ex. A. The subpoena required that Tucows produce documents by February 4, 2021. *See id.* As such, Tucows's objections or responses to the subpoena were due on or before February 4, 2021. To date, Tucows has failed to provide any response to the subpoena. *See id.* at ¶ 8. Tucows has therefore waived all grounds for objection. *See McCoy*, 211 F.R.D. at 385; *see also Voxpath RS, LLC*, 2013 WL 5744045, at *3; *United States ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002); *Wade v. City of Fruitland*, 287 F.R.D. 638, 641 (D. Idaho

DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO TUCOWS.COM CO - 4

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

2013). As such, Tucows should be ordered to comply with the subpoena. *Malden Transportation, Inc.*, 2018 WL 5808422, at *2 (granting motion to compel out-of-district subpoenaed documents when recipient failed to object or move to quash or modify subpoenas). Allowing a subpoena recipient to disregard a subpoena in its entirety would render Rule 45 a nullity and enable recipients to openly disobey a court order. *See, e.g.*, *United States Sec. & Exch. Comm'n v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010) (explaining that a Rule 45 subpoena is a "court order subject to contempt sanctions if disobeyed").

Although Tucows waived any and all objections to the subpoena, if Tucows files a response, Tucows may attempt to argue that the subpoena did not command production of documents within "100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. Proc. 45(c)(2)(A). Such an objection would be meritless. First, Tucows waived any objection under that rule. *See Sol v. Whiting*, No. CV-10-01061-PHX-SRB 2014 WL 12526314, at *2 (D. Ariz., July 22, 2014) (concluding that defendant waived objection to subpoena and stating "nothing in Rule 45 or elsewhere suggests that the rules for asserting timely objections do not apply when the 100-mile rule is the basis for an objection"). Second, "numerous courts have compelled compliance with a subpoena duces tecum that required the production of documents more than 100 miles from where the recipient resided, worked, or regularly transacted business." *Sol*, 2014 WL 12526314, at *2; *See also Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 138 (D.D.C. 2009) ("[T]he 100 mile limit applies to travel by a subpoenaed person, but a person commanded to produce documents need not appear in person at the place of production or inspection." (internal quotation marks omitted)); *Jett v. Penner*, No. S02-2036 GEBJFMP, 2007 WL 127790, at *2 (E.D. Cal. Jan. 12, 2007) (holding subpoenaed party was not excused on the ground that the requested records were located more than 100 miles from the place they were to be produced when there was no requirement to travel to deliver the records). This is particularly true when the subpoena at issue requests that documents be provided electronically. *Cen Com Inc.*, 2018 WL 1737943, at *2 (holding

DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO TUCOWS.COM CO - 5

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

subpoenas complied with Rule 45 because "[t]hey do not ask the individuals to travel more than 100 miles from where they live or work; rather, Defendants have requested that the documents be provided electronically"); *see also Curtis v. Progressive Northern Insurance Company*, No. CIV-17-1076-C, 2018 WL 2976432, at *2 (W.D. Okla., June 13, 2018) (granting motion to compel when the "subpoena at issue [did] not require the travel or attendance of any witnesses and Plaintiff [was] requesting the production of electronic documents.").

Further, the subpoena set forth targeted, limited document requests to obtain information that is critical to GoDaddy's defenses to SiteLock's claims. In the SiteLock Action, GoDaddy contends that SiteLock gave better pricing terms to other reseller partners in direct violation of SiteLock's obligation to provide GoDaddy with the most favorable pricing terms. *See* Dkt. No. 248 at 24-26 (denying SiteLock's motion for protective order with regard to the type of information sought by the subpoena, and finding that it was relevant to GoDaddy's defenses to SiteLock's claims). The requests in the subpoena are specifically and narrowly targeted to individual SiteLock products set forth in Tucows's reseller agreement with SiteLock, and merely demand documents "sufficient to show" (1) if SiteLock ever agreed to pricing terms with Tucows below the terms set forth in Tucows's contract with SiteLock, and (2) the features of those products. Tucows should therefore be directed to fully comply with the subpoena.

## V. **CONCLUSION**

WHEREFORE, GoDaddy respectfully requests that this Court issue an order compelling Tucows to produce all documents responsive to the requests in the subpoena within ten (10) days of the resolution of this motion.

//
//
//
//
//

DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO TUCOWS.COM CO - 6

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

DATED: February 25, 2021

COZEN O'CONNOR

By: *s/ Paula L. Zecchini*
By: *s/ Sydney R. Hitchcock*
Paula L. Zecchini, WSBA No. 48266
E-mail:   pzecchini@cozen.com
Nathan Dooley, *pro hac vice to follow*
E-mail:   ndooley@cozen.com
Sydney R. Hitchcock, WSBA No. 55426
E-mail:   sydneyhitchcock@cozen.com

999 Third Avenue, Suite 1900
Seattle, Washington  98104
Telephone: 206.340.1000
Toll Free Phone: 800.423.1950
Facsimile: 206.621.8783

Attorneys for Defendant GoDaddy.com, LLC.

DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO TUCOWS.COM CO - 7

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000

# **CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing document via electronic mail on February 25, 2021, and due to COVID-19 restrictions via overnight mail on February 26, 2021, to the following:

| | |
|---|---|
| Thomas A. Gilson<br>Beus Gilbert PLLC<br>701 N. 44th Street<br>Phoenix, Arizona 85008<br>(480) 429-3000<br>tgilson@beusgilbert.com<br><br>Counsel for Plaintiff | Kevin B. Huff<br>Thomas G. Schultz<br>Leslie V. Pope<br>Kellogg, Hansen, et al.<br>1615 M Street, N.W. Suite 400<br>Washington, DC 20036<br>(202) 326-7900<br>khuff@kellogghansen.com<br>tschultz@kellogghansen.com<br>lpope@kellogghansen.com |

I further certify that the foregoing documents have been sent out for personal service, and due to COVID-19 restrictions were also served via overnight mail on February 26, 2021 on the following:

Tucows.com Co
251 Little Falls Drive
Wilmington, DE 19808

DATED: February 25, 2021

COZEN O'CONNOR


By: __s/ Paula Zecchini__
     Paula Zecchini

DEFENDANT GODADDY.COM, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL RESPONSE TO RULE 45 SUBPOENA DIRECTED TO TUCOWS.COM CO - 8

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
999 THIRD AVENUE
SUITE 1900
SEATTLE, WASHINGTON 98104
(206) 340-1000